ANN H. MCGLENON
Cal. Bar No. 100433
McGlenon Law Office
2401 44th Ave. Unit 6
San Francisco CA 94116
(415) 680-7946
Attorney for Cristian Rafael Morales

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN FRANCISCO DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>    Plaintiff,<br><br>  v.<br><br>CRISTIAN RAFAEL MORALES<br>    Defendant. | NO. 19-CR 0634 WHO<br><br>FORMAL OBJECTIONS TO PRE-SENTENCE REPORT<br>PRESENTENCE MEMORANDUM AND MORALES LETTER<br><br>DATE: March 4, 2021<br>TIME: 9:00 a.m., Courtroom 10<br>DEPT: The Hon. William H. Orrick III |

On November 5, 2019, Morales completed a hand to hand sale of methamphetamine for $2500 to an informant and an agent. The informant was a person Morales had known for many years, who had been Morales' source of marijuana. Morales initially told the informant that he did not know where to get methamphetamine. He relented and located the drug.

The matter was resolved with a plea agreement, pre-plea pre-sentence report, and sentencing due to the COVID19 pandemic. When it was time to have the initial pre-sentence interview, Mr. Morales was at Stanford Hospital receiving treatment for COVID19. The packet was e-mailed to him, but he had difficulty finding, completing and signing forms. Formal objections were filed, requesting no time in custody. This

FORMAL SENTENCING OBJECTIONS
Case No. 19-CR-0634WHO

court requested that Mr. Morales be considered for the ATIP program. The pre-trial services office stated that he did not qualify for the program, because even though he had tested dirty while out on pre-trial release, and had a lifetime of drug use, they did not consider him to be eligible.

In the meantime, Mr. Morales took the test for IBEW and went to work for Home Depot. While he did not qualify for the union after the first test, he was notified of another program, called TIP, San Mateo County Trades Introduction Program. Mr. Morales has begun that program.

**OBJECTIONS:**

**Paragraph 3:** Per agreement, Morales met the criteria for safety valve and first step act.

Congress has set statutory minimum sentences for numerous drug crimes, but also enacted a "safety valve," 18 USC § 3553 (f) which permits courts to disregard the statutory minimum in sentencing those who played a minor role and made a good faith effort to assist. Congress passed the MMSRA, Mandatory Minimum Sentencing Reform Act to permit non-organizers to go below the mandatory minimum if they qualify. 18 USC § 3553(f).

**Paragraphs 30 & 31:** One criminal history point was assigned for each of these matters. In 2017, the misdemeanor possession case was dismissed. Expunged convictions are not counted. Diversion is not counted. Dismissed charges are not counted. As of 2018, recreational marijuana is legal in California. Cal.H&S C. § 11357

FORMAL SENTENCING OBJECTIONS
Case No. 19-CR-0634WHO

*et.seq*. The government is not supposed to allocate resources, they are unfunded, for marijuana prosecution. Does that include adding criminal history points for dismissed misdemeanors that will change a case from safety valve to prison?

In 2016, the Ninth Circuit Court of Appeals ruled that the appropriations clause of the United States Constitution (Article I, §9, cl.7) prohibits use of funds without appropriation. *United States v. McIntosh*, 833 F.3d 1163, 1174 (9th Cir. 2016). The reason the appropriations were removed was because the federal authorities were continuing to prosecute people in the dozens of states where marijuana was legalized.

These two criminal history points should be removed. In the event that those two criminal history points are removed, the guideline would be **28-3-2=23 I = 46 to 57** months.

**Paragraph 48:** Now that Mr. Morales has been declared COVID free after participating in a clinical trial at Stanford University, he is working at Home Depot and taking classes for the Trade Training Program in San Mateo.

**COVID19:**

One of the express purposes of the First Step Act was to increase the use and transparency of compassionate release. *United States v. Kepa Maumau,* 2020 WL 806121 (USDC Utah)(2/18/20), *citing, United States v. Brown,* 2019 WL 4942051 at*3 (S.D.Iowa). In *Maumau*, the court joined "the majority of other district courts that have addressed this issue in concluding that it has the discretion to provide Mr. Maumau with relief." *Id*. This court has considered sentencing and re-sentencing under CARES and

FORMAL SENTENCING OBJECTIONS
Case No. 19-CR-0634WHO

First Step Act. The same factors which can be considered for compassionate release from prison can be considered for the purposes of release and lowering the sentence.

Many things are known and unknown about this virus, which Mr. Morales suffered from. Morales was given interferon through Stanford University, and has been found to be COVID free. On July 8, 2020, a study from University College of London discussed the neurological damage which may be caused by COVID19. Mr. Morales has suffered from asthma his whole life. While COVID is live in the prisons, the better course in this case would be to sentence Mr. Morales to time-served with Supervised Release.

If the court feels time in prison, which could mean death or worse for Mr. Morales, is appropriate, then counsel requests that he be permitted to self-surrender rather than being arrested and going to Santa Rita, where the outbreak continues to be terrible. Also, as the court is aware, if he self-surrenders he has fewer points.

**3553 FACTORS:**

**Nature and Circumstances of the Offense and history of Defendant:**

Morales was born and raised in San Mateo County. His father left his mother and returned to Mexico. When he was nine years old, Morales went to Mexico to be with his father, and returned to attend high school. He lived in poverty and chaos. Morales attended several high schools and graduated from Peninsula Continuation High School. He had two legal problems which resulted in two criminal history points. Those should not be considered as they overstate the criminal history.

FORMAL SENTENCING OBJECTIONS
Case No. 19-CR-0634WHO

A sentence of time-served and supervised release will reflect the seriousness of the offense and the history and characteristics of Mr. Morales.  If he serves his supervised release as a form of home confinement, he will be able to maintain his health and continue to work and be productive.

Today, on BOP.gov the Bureau of Prisons indicated that it has 43, 745 federal inmates who have confirmed positive test results for COVID 19. Currently, 43,403 inmates and 3,910 staff have recovered.  There have been 202 federal inmate deaths attributed to COVID 19.

These are extraordinary times, which require extraordinary measures.  If Mr. Morales is a "long hauler", prison could be even worse for him.

**CONCLUSION**

Mr. Morales should be sentenced to time served plus supervised release, or, if the court prefers, to ATIP. In his letter, attached hereto, he admits drug use while on release.  The pretrial services report indicated that he should not be sentenced to ATIP because he had not admitted the violation.

Respectfully Submitted,

DATED: January 21, 2021

/s/
ANN McGLENON
Counsel for Defendant
Cristian Rafael Morales

FORMAL SENTENCING OBJECTIONS
Case No. 19-CR-0634WHO

Dear: Honorable Judge William H. Orrick iii

    I'm writing to you today because I am accepting the crime I have commited & also the positive cocaine drug test. This whole situation has honestly made me a stronger , more mature young adult. I am evolving as a better young adult to try & become the best man that I can be. My support system is the reason why I have proved to myself & others that I can still be positive & try to make better decisions for my future. Although my sentencing was 3 months away I applied and got approved to take the test for an electrician apprenticeship. I did not pass the test but that didn't stop me , despite the fact that my sentencing is 21 days away I still applied for the San Mateo TIP (Trades Instruction Program) & I got approved. I have my last interview on Jan. 13th , 2021 which will guide me to learn about all trades & help me get into one.

    In addition I have been calling the pee test line daily & have not missed any pee test. There was a misunderstanding on Jan. 8th , 2021 , where my pretrial officer had contacted me to inform me that I missed a pee test the day prior on Jan. 7th , 2021. I communicated to her that on Jan. 6th , 2021 I had called the pee test line & they had not mentioned the last 4 digits of my SSN to confirm that I had to pee test on Jan. 7th , 2021. She then suggested that I call Archway to see if I can come in to take the pee test , but due to coronavirus regulation that is prohibited.

    On June 1st. , 2020 I tested positive for Covid-19. Due to my asthma conditions it affected my health badly. I lost my taste buds , my smell , my lungs have gotten really delicate , and I have been experiencing a bit of memory loss, because of this I am attending the Lambda Covid-19 studies at Stanford. It has been 9 months and I continue to experience all of these health problems, making it a risk for me to get sick again and it becoming deadly. I have also been attending counseling every week and because of the great progress I've been making, in December it switched to by-weekly. I have been checking up every month with my pretrial and she is also suggesting that I get pee tested 2 times a month now instead of 3 times due to the great progress I have been achieving. I have not had any police contact or altercations as well.

    In conclusion, I have learned my lesson and learned from my mistakes. I also know there has to be consequences for my action regardless of how good I do , I will accept whatever punishment you decide to give me. I just hope whatever the punishment is, it will allow me to continue with my life goals and future to become a better improving young man. I hope that my actions now can show you that I am trying my best to turn my life around. I also hope for you to allow me to keep working on my life goals to do better and improve; changing my life around , getting into an apprenticeship and

FORMAL SENTENCING OBJECTIONS
Case No. 19-CR-0634WHO

1 continue to work meanwhile,  to save up money in order to move out of my moms house and start a
2 family of my own. Thank you. My future is in your hands .
3                                                                         Sincerely : Christian R. Morales

FORMAL SENTENCING OBJECTIONS
Case No. 19-CR-0634WHO